No. 87-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

LAURENE GLOVER,

       Plaintiff,

  -vs-

JAY T. BALLHAGEN, M.D.,

       Defendant.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Plaintiff:

        J. Dwaine Roybal argued; Keefer, Roybal, Hanson, Stacey & Jarussi, Billings, Montana

    For Defendant:

        Larry E. Riley argued; Garlington, Lohn & Robinson, Missoula, Montana

---

Submitted: May 5, 1988

Decided: June 22, 1988

Filed:   JUN 2 2 1988

<img>signature</img>

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is a medical malpractice case pending in United States District Court, District of Montana, Missoula Division. That court certified several questions of law to this Court. We have restated the questions as follows:

1. In order to qualify as an expert witness on the standard of care required of a board certified family practitioner, must the witness be a board certified family practitioner?

2. If not, then who may qualify as an expert to testify on the standard of care required of a board certified family practitioner?

We answer question one in the negative. As to question two, qualification of an expert witness is a matter of discretion for the trial court; therefore, our opinion will be limited to an explanation of the guidelines necessary for the exercise of that discretion.

The only facts before this Court are those contained within the trial court's certification order:

> A board certified family practitioner practicing in Ronan, Montana, is sued for malpractice. The depositions indicate that the plaintiff intends to use as experts, a board certified orthopod and a board certified practitioner of internal medicine and infectious diseases. Both are residents of the state of Oregon, and there is nothing to show that they have any knowledge of the standard of care in Ronan, Montana.

I

In order to qualify as an expert witness on the standard of care required of a board certified family practitioner, must the witness be a board certified family practitioner?

The United States District Court specifically requested an explanation of our holding in Aasheim v. Humberger (Mont.

1985), 695 P.2d 824, 42 St.Rep. 235. In that case, the plaintiff brought a medical malpractice action against a national board certified orthopedic surgeon, regarding that doctor's treatment of her knee. The trial court refused to give plaintiff's proposed instruction concerning the standard of medical care. The jury returned a verdict for the defendant doctor, and the plaintiff appealed. We held that the instruction given by the court was unduly restrictive in that it applied the "same or similar" locality rule to a board certified orthopedic surgeon. Aasheim, 695 P.2d at 826. We reversed the district court's judgment, and, in doing so, approved the plaintiff's proposed instruction which read as follows (after modification by this Court):

> By undertaking professional services to a patient, a doctor represents that he has the necessary degree of skill and learning to do so. That degree of skill and learning is generally measured by the skill and learning possessed by other doctors in good standing practicing in the same specialty and who hold the same national board certification.
>
> It is the doctor's further duty to use that skill and learning as ordinarily used in like cases by other doctors practicing in that same specialty and who hold the same national board certification.
>
> The violation of any of these duties is negligence.

Aasheim, 695 P.2d at 826-27.

Dr. Ballhagen argues, in the present case, that the result of our holding in Aasheim is that the only witness who may testify concerning the standard of care of a doctor practicing with a board certification is another doctor with the same certification. He misconstrues our holding. We held that the standard of care to which a board certified specialist will be held must be that skill and learning possessed by other doctors in good standing practicing in the same specialty and who hold the same national board

3

certification. We did not declare, as a matter of law, that doctors practicing in the same specialty were the only ones who could testify as to that standard of care. For example, in the past we have allowed a general practitioner to testify as to the standard of care required of a specialist. Hunsaker v. Bozeman Deaconess Foundation (1978), 179 Mont. 305, 588 P.2d 493. In Aasheim, our inquiry was limited to the applicability of the locality rule to national board certified specialists.

Our holding in Aasheim did not address the same or similar locality rule as it relates to board certified _family_ _practitioners_. The facts certified to us do not describe the training and examination of board certified family practitioners. Our assumption is that all board certified family practitioners receive comparable training and pass the same national board certification examination. As stated in Aasheim, 695 P.2d at 827:

> The locality rule was an outgrowth of disparity in the quality of community medical practice. To the credit of the medical profession, including its excellent training and certification program, the disparity has largely been eliminated.

We conclude that the holding in Aasheim should be extended to include board certified family practitioners. That is, we hold that the standard of care to which a board certified family practitioner will be held is that skill and learning possessed by other doctors in good standing practicing with the same national board certification.

We answer the first certified question in the negative. In order to qualify as an expert witness on the standard of medical care required of a board certified family practitioner, the witness may be, but does not have to be, a board certified family practitioner.

4

## II

Who may qualify as an expert to testify on the standard of care required of a board certified family practitioner?

Rule 702, M.R.Evid., pertains to testimony by experts. That rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

The trial court has broad discretion in determining whether a particular witness is qualified to testify as an expert. Clark v. Norris (Mont. 1987), 734 P.2d 182, 187, 44 St.Rep. 444, 450.

In answer to the second question certified to this Court, we hold that the party presenting a witness as an expert must establish, to the satisfaction of the trial court, that the witness possesses the requisite knowledge, skill, experience, training, or education to testify as to the diagnosis and treatment in question and as to the standard of care applicable to the physician charged with negligence. With our holding under Issue I in mind, this means that the witnesses in the present case must be qualified pursuant to Rule 702 to testify as to the standard of care required of a board certified family practitioner. That qualification is for the trial court to determine.

_____
Justice

We Concur:

_____
Chief Justice

5

John Conway Harrison

R. C. McDonough

William E. Hunt Sr.

John C. Sheehy

Justices

6

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent.

The first certified question, in my opinion, should be answered affirmatively. It is my view that a board certified family practitioner should not have the required standard of care determined by a medical specialist who is not also a board certified family practitioner.

I am aware of this Court's reasonings that have done away with the "locality rule" that has evolved into the questions we are faced with in this case. Tall Bull v. Whitney (1977), 172 Mont. 326, 564 P.2d 162; Aasheim v. Humberger (Mont. 1985), 695 P.2d 824, 42 St.Rep. 235. However, this is not a "locality rule" advocation. Respondent's brief appropriately addresses the problem created by the majority opinion:

> The family practitioner is typically the physician found in the small towns and communities around the State of Montana. In the course of their working day, they treat and attend to expectant mothers and new mothers, young children, broken bones, sickness and infection, the aches and pains of the elderly, heart troubles, weight problems, back problems, do some surgery and attend to emergencies. In doing that, they are obviously practicing in the field of obstetrics, pediatrics, orthopedic surgery, internal medicine, rheumatology, cardiology, dietary medicine, dermatology, gastroenterology, gynecology, surgery, emergency medicine and often psychology.

> To allow Appellant's experts in the case now before the Court to testify against Respondent would mean that the family practitioner is not going to be held to the standard of care of a family practitioner but is going to be held to

the standard of care of a specialist in whatever specialty the doctor happens to be caring for a patient at that particular time . . .

The message that this Court would send to the family practitioners in the State of Montana would be that as you are treating the expectant mother or new mother, you will be expected to have the same degree of training, skill and experience as a specialist in obstetrics and gynecology, as you are treating the young children of your patients, you will be held to the standard of care of a pediatrician, as you are treating various problems of bones and joints, you will be held to the standard of care of an orthopedic surgeon, etc.

The majority, by leaving discretion with thirty-six individual district judges to determine the qualifications of proposed medical witnesses to testify in another specialty, has introduced an element of uncertainty that on legal and public policy grounds, could be avoided by answering "yes" to the first certified question. I would do so, and by doing so, would find support in the concept of selecting as Medical Legal Panel Members those "persons specializing in the same field or discipline as the Health Care Provider." See, § 27-6-402(2), MCA; Rule 9(c), Montana Legal Panel Rules of Evidence.

_____
Justice

8